### E. M. DAVIS, ET AL. *v.* JAMES WOODS.

[Abstract Kentucky Law Reporter, Vol. 7—308.]

**Conveyance to Defraud Creditors.**

> While a voluntary conveyance of real estate is fraudulent as against existing creditors, still when the grantee in such a deed conveys it to another for a valuable consideration there is neither actual nor constructive fraud in the last conveyance.

### APPEAL FROM NELSON CIRCUIT COURT.

October 24, 1885.

OPINION BY JUDGE PRYOR:

The testimony in this case as to the payment of the purchase money by Davis is conclusive, and there being no proof of actual fraud, but on the contrary testimony showing that the appellants paid the value of the property, we perceive no reason for setting aside the deed.

A voluntary conveyance is fraudulent as against existing creditors, but when the grantee in such a deed conveys it to another for a valuable consideration there is neither actual nor constructive fraud in the last conveyance. The fact that the grantee for value knew that the original grantor was indebted to the appellee when he accepted the conveyance does not constitute fraud in fact or in law. While the record of a voluntary conveyance may be notice to purchasers, a very different case is presented where the voluntary alienee conveys to some one for full value.

It is not necessary to determine the question of homestead in this view of the case. The judgment is *reversed* and remanded with directions to dismiss the petition.

*J. C. Wickliffe, for appellants.*

*George S. Fulton, for appellee.*